In the Matter of the Application of THE TERMINAL RAILWAY of Buffalo to Appraise Certain Lands, etc., of PHILIP BOMMER and Others.  PHILIP BOMMER, Appellant ; THE TERMINAL RAILWAY of Buffalo. Respondent.

*Disinterestedness of commissioners of appraisal, insisted upon by the courts — a denial of a motion not a bar to this objection being again raised.*

The due administration of justice requires that the courts should zealously guard the right of all litigants to a fair and impartial trial of questions concerning the ownership and the value of their property before disinterested tribunals, and, to insure this end, the rigid rule must be adhered to that jurors and commissioners must, as matter of law, be disinterested, regardless of whether, in a particular case, the court may or may not be convinced that they have acted impartially.

The fact that a party has made a motion to set aside the report of commissioners of appraisal, on the ground that one of the commissioners was not disinterested and was guilty of misconduct, which motion has been denied, and that no leave to make a further application has been applied for, does not prevent his taking the same position and showing additional facts in support thereof when a motion is made to confirm the commissioners' report.

APPEAL by Philip Bommer from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 2d day of February, 1897, setting aside the report of the commissioners appointed in a proceeding to ascertain and appraise the compensation which ought to be made by the Terminal Railway of Buffalo, the plaintiff named in said proceeding, to Philip Bommer *et al.*, the persons named in said proceeding, to whom the compensation was to be paid as owners of, or parties interested in, the lands and real estate described in said proceeding.

*Henry F. Allen*, for the appellant.

*Daniel H. McMillan*, for the respondent.

Order affirmed on the opinion of LAUGHLIN, J., delivered at Special Term, with ten dollars costs.

All concurred.

The following is the opinion of LAUGHLIN, J.:

LAUGHLIN, J.:

The petitioner in this proceeding, after the report of the commissioners had been filed, made a motion to set aside the report on the ground that Commissioner Walker was not disinterested and was guilty of misconduct. The motion was denied upon the ground that the facts failed to show any misconduct on the part of the commissioner and that the facts with respect to the claim that he was not disinterested were not sufficiently shown. The petitioner appealed from that ruling, but the decision of the court was affirmed by the Appellate Division. The landowner now moves for a confirmation of the report; the petitioner opposes the motion upon affidavits which it has been permitted to read, under the objection of the landowner that on such a motion the court is confined to a consideration of the report of the commissioners and the testimony taken before them and such errors of law or irregularities as appear upon the face of the proceedings. It is stringently urged by the landowner that such is the proper construction of section 3371 of the Code of Civil Procedure. If that be the true construction of this provision of the Code, the landowner would be entitled to have the report of the commissioners confirmed, and the attorney for the railroad company does not seriously contend otherwise.

The due administration of justice requires that the court should zealously guard the right of all litigants to a fair and impartial trial of questions concerning the ownership and value of their property before disinterested tribunals, and to insure this end the rigid rule must be adhered to, that jurors and commissioners must as matter of law be disinterested, regardless of whether in a particular case we may be convinced that they have acted impartially. By failing to show all the facts on the motion heretofore made to set aside the report on this ground or to obtain leave of the court to renew the motion, the petitioner is confronted with a new question, not free from doubt; namely, as to whether it can obtain the relief at this time and in this manner. I am of the opinion, however, that the policy of the law upon this question is and should be such that the court may hear the complaint upon affidavits presented at this time.

On the conceded facts now fully shown by the affidavits in opposition to the motion to confirm the report, I have reached the con-

clusion that although Commissioner Walker had no interest in the land or award in question, yet he was, as a matter of law, interested in Bommer's financial condition, and, therefore, he was not disinterested under the law, and should not have been appointed a commissioner herein. I am satisfied, however, that the appointment was brought about without his knowledge, and that in accepting and acting under it, he proceeded in entire good faith, believing that he had a right to sit on the commission. I am also convinced that the business relations existing between him, the Merchants' Bank, of which he was stockholder and officer, and the savings and loan association, and Philip Bommer, the landowner, did not influence him in the discharge of his duties as such commissioner to the prejudice of the railroad company. The landowner knew of these business relations with Mr. Walker, and should have disclosed them to the petitioner or its attorneys; and had he done so, the expense to which he has been put, and the delay in obtaining an award for his lands, might have been avoided.

An order may be entered setting aside the report of the commissioners for irregularity and for error of law, it appearing that one of the commissioners was not disinterested, and it may be recited therein that the affidavits read by the petitioner for the purpose of showing that one of the commissioners was not disinterested, were read under the objection, duly raised by the landowner, that the court was confined to errors or irregularities appearing upon the face of the proceedings, and thus the landowner will be in a position to have the order reviewed upon the precise ground upon which it is made, if he desires so to do.

The order should also provide that a new hearing is directed herein, and new commissioners for that purpose will be appointed by the court on two days' notice by either party.