(55 Misc. 1)

TERMINAL RY. OF BUFFALO v. GERBEREUX et al.

(Supreme Court, Special Term, Erie County.    May, 1907.)

1. EMINENT DOMAIN—PROCEEDINGS—QUALIFICATION OF COMMISSIONERS.

Mere suggestion of the possibility of interest is not enough to disqualify a commissioner in a condemnation proceeding, but the suspicion must be based on established facts.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, § 581.]

2. SAME—EVIDENCE—QUESTION FOR JURY.

In a condemnation proceeding, evidence examined, and *held* insufficient to show as a matter of law that a commissioner was disqualified on account of partiality.

Condemnation proceedings by the Terminal Railway of Buffalo against Frank Gerbereux and others. Motion to set aside report of commissioners. Motion denied.

Wilbur B. Grandison, for the motion.

Maurice C. Spratt, opposed.

POUND, J. The rule has been laid down broadly in this department that "it is better that a rehearing be had than that the decision of the commissioners should remain in any degree open to the charge of partiality or favor." Spring, J., in R., S. & E. R. Co. v. Tolan, 116 App. Div. 696, 101 N. Y. Supp. 433. The charge of partiality or favor is made here against John C. Grezinger, one of the commissioners, and the question is: Do his relations with the plaintiff, or its attorneys, or his conduct on the hearing, leave him "in any degree open to the charge," either in law or in fact? The charge of bias may easily be made, but that is not sufficient. The court will, on the one hand, zealously guard the rights of all litigants to a fair and impartial trial of questions concerning the value of their property, and adhere to the rigid rule that commissioners must as matter of law be disinterested; but, on the other

hand, it will not hastily hold that commissioners are disqualified by interest, when no misconduct is shown and it does not appear that they had, or could be reasonably suspected of having, any present interest in the party, the land, or the award.

Suspicion of interest must be based on established facts. Mere suggestion of the possibility of interest is not enough to disqualify. In the Tolan Case, supra, it was held that a person who had recently acted as agent for a railroad in procuring rights of way for its proposed route was not eligible as a commissioner in condemnation proceedings brought by said railroad, even though his decision was not influenced thereby in any respect. In Matter of Terminal Railway, 16 App. Div. 515, 44 N. Y. Supp. 1012, a commissioner interested in the financial condition of the landowner was held an interested person under the law, although no misconduct on his part was established. In Matter of New York, etc., v. Townsend, 36 Hun, 630, the report was set aside because a son of one of the commissioners was taken into the employ of the company after the commissioners were appointed and before the hearing, although it was not found that the appointment had any influence on the decision. In Matter of Buffalo, etc., Co., 32 Hun, 289, the report was set aside for improper conduct on the part of the commissioners in accepting hospitality and money from the landowner while acting as such commissioners. In all the above cases, which are the leading cases on disqualification of commissioners by interest, either disqualification through present or recent interest or actual misconduct was clearly established.

The charge is made against Grezinger that he held out for an unreasonably low valuation of the premises in question in order to force his associates into making an inadequate award, and the charge of actual misconduct or unfairness hinges on the evidence adduced by defendant on this point. Two commissioners can make a report, and Grezinger had no power to force his associates to award the defendant a sum which in their opinion was less than the value of the land. The fact that all agreed upon the amount of the award tends to the conclusion that the award represents the fair judgment of the commissioners as to the value of the property taken, and the charge that the award was coerced by Grezinger may be dismissed as unworthy of consideration. The fact that Grezinger first fixed the valuation of the property at $4,500, and then agreed to a valuation of $6,800, does not raise the suspicion of bias or unfairness, but tends rather to rebut it; nor does it indicate a disposition on his part to be bound, as charged, by a former award, known as the "Keel award," involving the valuation of other lands in the vicinity of defendant's land. The general allegation is made that the conduct of Grezinger on the hearings was partial to plaintiff and hostile to defendant; but no facts are alleged which indicate that such was the case. If the award is inadequate, or if the amount was reached in an irregular manner, the report of the commissioners may be set aside on that ground when the motion to confirm is made.

No actual misconduct or unfairness on the part of Grezinger is, in my judgment, established. But it is essential that the commissioner

should be absolutely indifferent between the parties, although it does not appear that his connection with one of them influenced his decision. See cases cited supra. The facts from which the defendant would have the court find implied bias from the relations of Grezinger to the plaintiff or its attorneys are the following: That Grezinger had, 20 years ago, been employed for six months as a ticket seller by the New York Central, to which the plaintiff is a related or subsidiary corporation; had prior to 1894 traveled on passes on the New York Central when a legislative employé at Albany; had in 1896 acknowledged a discharge of mortgage before Maurice C. Spratt, one of plaintiff's attorneys; had taken a mortgage which, in 1902, had been acknowledged before a clerk in the office of plaintiff's attorneys; and had, in 1901 or 1903, conveyed certain premises in the city of Buffalo, through said Maurice C. Spratt, to the New York Central, it not appearing that the consideration was more than the fair market value of the property. Grezinger in his affidavit denies that plaintiff's attorneys or their predecessors ever acted as his attorneys, except in the one matter of examining a search and drawing a bond and mortgage in 1902, where their charge for services was $10, which was paid; and Mr. Spratt in his affidavit denies that he, or his firm, ever acted as attorneys for defendant except in the above matter. It should not, from the above facts, in my opinion, be implied as matter of law that the commissioner was biased in favor of plaintiff, or that he was interested in the plaintiff, the land, or the award.

In the absence of proof that as a result of these transactions, or otherwise, Grezinger was at the time of the hearing in a state of mind in reference to the plaintiff that he was incapable of acting impartially and without prejudice to the substantial rights of the defendant, this motion must be denied, with costs. So ordered.