In re BOARD OF WATER SUPPLY OF CITY OF NEW YORK.

(Supreme Court, Special Term, Ulster County. March, 1908.)

EMINENT DOMAIN—DAMAGES—EVIDENCE—ADMISSIBILITY—STRUCTURAL VALUE OF BUILDINGS.

> In condemnation proceedings the market value of the property sought to be taken is the question to be determined in awarding damages, and evidence of the structural value of buildings thereon is properly rejected.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, § 541.]

Condemnation proceedings by the board of water supply of the city of New York. On objection to confirmation of the award of the commission appointed to fix compensation for land taken for the Ashokan Reservoir, section 6. Award confirmed.

Francis K. Pendleton, Corp. Counsel (John J. Linson, of counsel), for the motion.

Jerome H. Buck and Arthur A. Brown (Harrison T. Slosson, of counsel), for various claimants.

BETTS, J. This is the first separate report upon 12 parcels of land by the commission in what is known as section No. 6, Ashokan Reservoir. No objections were made to the report of the commissioners in seven parcels, and those awards were confirmed upon the hearing. The awards in five parcels, Nos. 224, 226, 230, 247, and 246, were objected to, and are before me for confirmation or otherwise.

The principal objection raised here, in addition to certain similar objections to those which were passed upon by me in section No. 3 in a decision handed down a few days ago (109 N. Y. Supp. 1036) relates to what is here called the structural value of the buildings or erections upon certain of those parcels of land in which the award is objected to. Upon the hearings in certain of these five cases evidence was offered as to the structural value of the buildings upon said parcels. Objection was made that such evidence was incompetent, as not being the true measure of value and objection sustained by the Commission. The evidence proposed to be offered, as I understand it, was as to the cost price at the time of condemnation of the different materials composing the several buildings, with such a discount therefrom as the expert builders would conclude was proper for the length of time that the building had been erected, and to this cost of material was to be added the cost of labor, architect's fees, and matters of that kind in connection with the building, so that practically the only ques-

tion that I shall address myself to is as to whether such evidence is admissible, and whether or not the commissioners erred in rejecting the same. "The owner is entitled, not simply to such sum as the property would bring at forced sale, or under peculiar circumstances, but to such sum as the property is worth in the market—that is, to persons generally, if those desiring to purchase were found, who were willing to pay its just and full value. * * * The market value of the land is to be considered, and the jury should not consider the expenditures that may have been made upon the property. The expenditures may not have increased the value to the amount of the expenditures. Whether the expenditures which had been made upon the land were wise or unwise, whether voluntarily or compulsorily made in order to abate a nuisance, the cost of such expenditures is not necessarily to be taken as additional value to the land as it would have been without such expenditures." Mills on Eminent Domain (2d Ed.) § 168. "In estimating the value of property taken for public use, it is the market value of the property which is to be considered. The market value of property is the price which it will bring when it is offered for sale by one who desires, but is not obliged, to sell it, and is bought by one who is under no necessity of having it." 2 Lewis on Eminent Domain (2d Ed.) § 478.

In Matter of Long Island Railroad Company, 6 Thomp. & C. 298, 299, it appears that the premises sought to be condemned were owned by one Van Sise. Prior to the ownership of Van Sise, and while one Stewart owned the property, the condemning party had gone into occupation of the property and had placed its track thereon. Van Sise claimed the railroad company was a trespasser, and he sought compensation for land and the improvements the railroad company put on it, and tried to prove the value of the rails, ties, etc., on the land in question, which was refused by the commissioners. Held, that the fixtures belonged to the owner, Van Sise, and that he should be permitted to make proof, as the owner, of the value of the premises taken, including track, etc. "In making such proof we do not understand that the value of each tie and rail is to be determined. The railway track, composed of rails and ties, is a fixture of the land; and its value as a fixture, enhancing the value of the land for the beneficial enjoyment thereof, is the measure of compensation."

In the Matter of the N. Y., W. S. & B. Railway Co. to Acquire Title to Lands of Cornelia M. Gennet and Others, 37 Hun, 317, the railroad company had, without authority, entered upon and laid and constructed its tracks upon the lands sought to be condemned before instituting the condemnation proceeding. Held:

"Any structure wrongfully placed upon the lands by the railway company became by that act a part of the land and entered into its value. The case tends to show that the railway company entered upon the lands in question without right or authority from the owners and built the road in part thereon. The property so put upon the land added to its value, and was properly included in the appraisal as property of the landowners to be taken by the railroad company. * * * The competency of evidence of the value of improvements put upon the premises has been considered. The condition of the premises when these proceedings were instituted was the proper subject of inquiry. * * * The cost of structures put upon the land was not competent,

and such evidence was properly rejected. The value of the land and structures thereon was alone to be determined. The cost is not a rule of damages."

In Village of St. Johnsville v. Smith, 184 N. Y. 341, 77 N. E. 617, 5 L. R. A. (N. S.) 922, the village authorities had constructed upon the premises of the landowner, Smith, a certain intake, water pipes, and other erections with relation to their proposed waterworks prior to the attempt to condemn the same, and such work was upon the property when the application to take the property for village waterworks purposes was made. The condemnation commissioners did not take into consideration the intake basin, pipes, and work placed upon the lands by the village in fixing compensation to the owner. Held, this action was erroneous, and that such improvements should have been taken into consideration. The court says:

"The law affixes the consequences to the act, not the intent. It says to those who invoke the power of eminent domain, as well as to all others: If you invade land without legal right, and place structures of a permanent character thereon, those structures belong to the landowner. *  *  *  In holding, as we do, that the appellant is entitled to have the improvements made upon his land by the respondent while a trespasser taken into consideration in ascertaining his compensation, it must be distinctly understood that the measure of such compensation is neither the cost of the improvements, nor their value, or the value of their use to the village. The true inquiry is: How much do the improvements placed upon the property enhance the value of the appellant's land?"

The directions were to appoint new commissioners of appraisal to determine the appellant's compensation in accordance with the opinion. The same rule is applied in Re Trustees of the Village of White Plains, 108 N. Y. Supp. 596–599, in January, 1908, where the commissioners of appraisal had not allowed as belonging to the landowner improvements which had been placed upon the land by the condemning party without the consent of the landowner. The court quoted from the decision in 184 N. Y. 341, 77 N. E. 617, 5 L. R. A. (N. S.) 922, supra, as to the rule of damages in that case, followed it, and a new appraisal was ordered before new commissioners.

Matter of the City of New York (Blackwell's Island Bridge) 118 App. Div. 272, 103 N. Y. Supp. 441, was a case decided in the First Department in 1907. The city of New York appealed from the order confirming the report of the commissioners of estimate and appraisal in condemnation proceedings on the ground that the awards were excessive. The Appellate Division reviewed certain of the assessments as compared with the recent sales of parcels in or near the same block in New York City, and said:

"The comparison of the amounts awarded by the commissioners with the amounts paid in these 5 actual transactions out of a total of 13 parcels, demonstrates that, in allowing these excessive increases in the estimated value over the actual transactions, the commissioners must have proceeded upon some erroneous theory. An examination of the record discloses certain fundamental errors, the commission of which must have brought about the extraordinary result arrived at. *  *  *  In regard to a number of the parcels the commissioners erroneously allowed testimony as to the structural value of the buildings. I understand the rule is that a witness may testify as to the market value of a lot of land and the market value of the lot with the building thereon standing; in other words, testimony as to how much the market value of the lot is enhanced by the building stand-

ing thereon. What the structural value of the building is is not competent. A man may purchase a piece of wild land, far off from any railroad connection, and thereon may build a magnificent structure. No development may take place in the neighborhood, and there may be no demand of any kind for the property. In considering the market value of the real estate under such circumstances, it would be obvious that what it had cost to put the building there could in no way affect the market value of the property as a whole."

The order appealed from was reversed, and the proceedings sent back to new commissioners to be appointed.

In the Matter of the City of New York (Town of Carmel) 56 Misc. Rep. 311, 106 N. Y. Supp. 1003, the motion was made by the corporation counsel to set aside awards made by the commissioners upon the ground, first, that the awards were excessive; second, that the commissioners proceeded upon an erroneous theory in estimating the value of the lands with buildings thereon, and in admitting improper and incompetent evidence respecting the cost and structural value of buildings upon the properties in question. The court says:

"In many instances, witnesses for the claimants were permitted to give the structural value or cost of reproducing the buildings. For instance, with respect to parcel No. 27, which was the first case tried, the witness Waite, who was a builder and contractor, and not a real estate expert, after describing the buildings, giving their dimensions, etc., was asked to give the value of the house at the time the petitioner took possession of the whole property, and in answer gave the sum of $1,638.56 as the net total of the value of the house; and on cross-examination he stated that his estimate was based entirely upon what it would cost to reproduce these buildings—the witness adding, 'It is figured on what material and labor cost.'"

Several witnesses thus testified to the cost of reproduction of certain houses upon lands which were taken in this condemnation proceeding. A mason estimated the cost of reproducing the stonework, and a tinsmith would give the cost of reproducing the tinwork, in buildings on parcels condemned, over the objection of the corporation counsel. The court says:

"The rule seems to be now very well settled that the measure of damage is neither the cost of the improvements at the time they were erected, nor their value, nor the present cost of reproducing them, but is: How much have the structures and erections upon the land increased and enhanced its value?"

The motion to set aside the report as to parcels in which such evidence as to structural value was given was granted, and new commissioners were ordered appointed.

City of Syracuse v. Stacey, 169 N. Y. 231–238, 62 N. E. 354, was an appeal by the landowner, Stacey, and others, from the affirmance of a report of the commissioners of appraisal in condemnation proceedings. The commissioners had awarded damages to the landowners on the difference in the value of the premises affected with and without the water rights sought to be condemned. The following objection to the report of the commissioners was urged by the appellants, Skaneateles Paper Company and others, landowners:

"Assuming that the only compensation to which defendants are entitled is the difference in value of their affected property, with and without the rights condemned, or consequential damages, the commissioners erroneously refused to receive the evidence offered by defendants of the present value of the

dams and other structures on their premises, for utilizing the water for power, and of the mill and other buildings on their premises, or of the cost of reproducing those structures and buildings in their then condition, and also erroneously refused to receive the evidence offered by defendants of the net earnings or profits resulting from the operation of the properties for a number of preceding years."

The court held that the difference in the value of the premises affected with and without the water rights affected a full compensation to the owners, and the basis adopted by the commissioners for the determination of the damages sustained was correct.

The authorities all seem to be one way in this state, which is that evidence of structural cost or value, as offered in these cases and excluded by the commissioners on objection of the city, is not admissible. The commissioners simply follow the law in making the decision that they did. All the other points raised by the landowners arise in these various parcels in practically the same way they arose before the commission in section No. 3, and the memorandum handed down by the court a few days ago in that section applies to this case in regard to the adaptability and availability for reservoir purposes. A much more extended offer was made by one of the claimants, involving a great number of proposed offers to prove. The court considered it as an entirety, as one offer to prove, and sustained the objection made by the city.

The award of the commissioners is confirmed in all respects.