GEORGE J. BALSHAN and Others, Appellants, *v.* THE STATE OF NEW YORK, Respondent.*

Third Department, June 27, 1930.

*Charles J. Tobin* [*James V. Coffey* and *Joseph J. Casey* of counsel], for the appellants.

*Hamilton Ward*, Attorney-General [*Clyde H. Proper*, Deputy Assistant Attorney-General, of counsel], for the respondent.

PER CURIAM. The property had an unusual location in that it was situated at the corner of Washington avenue and North Hawk streets — both main arteries of travel. It was directly across Washington avenue from the State Capitol, and directly across North Hawk street from the State Education Building. Potentially it had most unusual value. We have carefully reviewed the evidence and have taken into consideration the value of the land for its prospective use and the value of the buildings as they stand, viewed in the light of their production of revenue, as well as of their structural value, giving consideration to the testimony of all the witnesses. Giving particular stress to prospective value of this property in view of its location and the recent valuations which have been placed on other properties in this immediate location, we think the award of $176,000 inadequate. Under the

* Affd., 255 N. Y. ——.

authority of section 29 of the Court of Claims Act, we modify finding No. 10 by striking out that part fixing value at $176,000 and substituting in lieu thereof $225,000, which sum we find to be the fair market value of the property. The same modification is made of the first and second conclusions of law by substituting the latter for the former sum, with interest thereon computed accordingly.

The judgment should be modified in accordance with the opinion and substituted findings, and as so modified affirmed, with costs to the claimants.

HINMAN, HILL and HASBROUCK, JJ., concur; VAN KIRK, P. J., dissents with a memorandum; DAVIS, J., dissents, with a memorandum.

VAN KIRK, P. J. (dissenting). Such expressions as "present buildings" or "present use" mean buildings on the land, or use of the land, at the time appropriated.

Confining ourselves to this record, evidence could be received which tended to establish market value under various theories or conditions: (1) The property (land and buildings) as it stands and while put to the present use; (2) the property as it stands when put to the most profitable use to which it is adapted with the present buildings, altered and improved but to be retained; (3) the property changed in such manner as may be necessary to produce the greatest value or return.

The first and third theories are distinctly presented. Claimants' witnesses give the value of the land when the property has been put to the most profitable use available. Then, having estimated the value of the present buildings, they add that value to the land value to find the present value of the property. The State's witnesses do not take into consideration availability for more profitable use, but estimate the value of the property as it stood.

(1) Under this condition the value of the land and of the buildings may be considered separately and the sum of the two may be taken as the value of the property. Evidence tending to support this condition was given.

(2) Neither party contended for value under this condition.

(3) This is the condition on which claimants chiefly and properly rely. They have not, in any clear or direct manner, estimated the value of the land used with the present buildings standing. They have given the value of the land for the most profitable use, then the value of the present buildings as computed and estimated by them, as for usable buildings; and, by adding the two values, have concluded that the present value of the property is thus

established. But the value of the buildings may be added to the value of the land only when those buildings are well adapted to the proposed use and enhance the value of the property. (*Matter of City of New York*, 198 N. Y. 84, 87.) The more profitable use of this property is for the erection thereon of a hotel, or an apartment house, or an office building, or a theatre. But when put to such use, the present buildings must be removed. The only extent to which the present buildings could enhance or add to the value of the land when put to such use is the salvage from wreckage. There is no proof that any of the materials, or any wreckage or foundations, of the present buildings would be of value to this land when put to such use; but there is evidence to the contrary by claimants' witness Lonergan. After stating that the property was a "good corner for an apartment house or an office building; apartment hotel," he testified as follows: "Q. In case I desired to erect an office building on that site, it would necessitate tearing down the old buildings, wouldn't it? A. Yes, sir. Q. And would the property in that specific instance be worth more with the buildings off than with the buildings on? A. It would be worth more with the buildings off than on. Q. And did you have that in mind? A. Yes, sir. That in some instances the property might be worth for that specific individual more with the buildings off than on. While the buildings were there they were taxpayers, and interest on money, etc. Q. The chief value you estimated was already in the land itself; is that correct? A. Yes, sir." It seems to me that we should accept the estimates of claimants' witnesses as to the value of the land, and hold that the present buildings are in no sense adapted to the proposed use and do not enhance the value of the land.

Accepting as I do the rule maintained by claimants and the theory on which they rely to establish the highest value, we cannot accept the testimony of the State's witnesses, but do take the testimony of the claimants' witnesses whose qualifications seem to be fully established. Mr. Lansing estimates the land value at $168,000; Mr. Porter at $198,000; Mr. Lonergan at $202,400. The average of the three values, as I have calculated it, is $189,466. The average value of the buildings as given by claimants' witnesses is $116,524.

This court "may affirm, reverse, or modify the judgment, or dismiss the appeal, or grant a new trial." (Court of Claims Act, § 29.) We are not authorized to disregard a judgment of the Court of Claims and render a new judgment. The Court of Claims has jurisdiction to hear and determine this claim. (Court of Claims Act, § 12.) Its judgment has the force of a judgment of a court

and should not be reversed or modified unless it is contrary to law or without evidence sufficient to support it. There is evidence given by claimants' witnesses to support the judgment. The lower court was justified in accepting the testimony of Mr. Lansing, who fixed the value of the land at $168,000. The award is for $8,000 in excess of that amount. If we consider the proof as to the value of the property as it stands without regard to availability, we have only the testimony of the State's witnesses to consider; they fix the value of the land at $66,975. Add this to the average of the values of the present buildings, as given by claimants' witnesses, and we have $183,499; if we take the lowest value so given we have $166,795; if we accept the testimony of the State's witnesses the amount would be less. The finding of the court is fairly within evidence which it could follow. There is, I believe, sufficient evidence to support the judgment. There is no such difference between the value fixed by the lower court and that this court is about to fix as to suggest any improper consideration which influenced the Court of Claims. I find no ground for substituting our judgment of the value of the property for that of the Court of Claims. I vote for affirmance.

DAVIS, J. (dissenting). I dissent and vote for affirmance on the ground that the only question was one of the value of the property taken, and that the Court of Claims had jurisdiction to determine that question which they did upon evidence; and the court saw and were familiar with the property so taken. The sitting judges saw and heard the witnesses; and their determination as to value on the disputed question should be sustained unless the decision was clearly erroneous. (*Boyd* v. *Boyd*, 252 N. Y. 422; *York Mortgage Corp.* v. *Clotar Construction Corp.*, 254 id. 128.)

Judgment modified in accordance with opinion and as so modified affirmed, with costs to the claimants.

Finding No. 10 is modified by striking out that part fixing value at $176,000 and substituting in lieu thereof $225,000, which sum the court finds to be the fair market value of the property. The same modification is made of the first and second conclusions of law by substituting the latter for the former sum, with interest thereon computed accordingly.