Per Curiam.

This is a condemnation proceeding brought by the Municipal Housing Authority of the City of Utica, New York, to acquire certain real property to be used as a site for a municipal housing project.
Section 14 of the Condemnation Law provides that the commissioners “ * * * shall each be entitled to compensation
not exceeding twenty-five dollars for services for every day they are actually engaged in the performance of their duties, and their necessary expenses to be paid by the plaintiff, as may be awarded by the court. ’ ’
At the initial hearing, the commissioners were attended by Mr. Thomas B. Quinn, as attorney for the Housing Authority,, the firm of Budd & Penberthy, for defendant Carroll, and the firm of Abelove & Bosenblum, Salvador J. Capecelatro, of counsel, for the defendants Bosenblum.
Prior to taking testimony, the following occurred:
“ Mr. Quinn: If the Commission please, I think we should start at the beginning here in regard to making certain stipulations. I believe it is stipulated by the parties that the Commissioners receive the statutory fees for each day they shall meet. (Discussion not for the record.)
Mr. Quinn: Then it is stipulated that the Commissioners receive a fee of thirty-five dollars for each day they shall meet and in considering the testimony and in viewing the premises.
(X)
Mr. Capecelatro: So stipulated.
Hr. Penberthy: So stipulated.
Mr. Quinn: And it is also stipulated that Mrs. Louise Bath, as stenographer, shall receive the sum of ninety cents per page for transcript of the minutes and the furnishing of five sets — one of which shall be furnished to each of the Commissioners and that the cost of same shall be added to the disbursements of the Commission.
*186 __ - ■ ; 7
(At the opening of the p. m. Session, I believe, the stipulation which follows was entered into by all parties to supersede the stipulations above, to be inserted in the record at the place marked (X) above. This stipulation was written in shorthand at length around the margin of my record and sandwiched in in very small writing, due to the fact that the room was inadequate to write it otherwise at the place where it was to appear in the typewritten record. This was done before any formal proof was taken.)
Mr. Quinn: It is hereby stipulated by and between counsel for the respective parties, that is to say, The Municipal Housing Authority on the one side, and Benjamin and Frieda Rosenblum, on the other side, that a remuneration for the Commissioners on the basis of $25 per diem, having regard for the standing, reputation and erudition of the Commissioners is insufficient and therefore it is agreed between counsel for the respective parties, that in the event that counsel for the Municipal Housing Authority can legally stipulate for payment on behalf of the Municipal Housing Authority of a per diem fee of fifty dollars per day to the Commissioners that that per diem rate shall be paid to such Commissioners, for every day they have attended and for every day that they have devoted to the study of the record and the rendering of their opinion and/or decision herein.
In' the event that the Municipal Housing Authority is bound by the statute to pay not to exceed twenty-five dollars per diem to the Commissioners, then the difference between twenty-five dollars per diem and the stipulated sum of fifty dollars per diem shall be assumed and paid by Benjamin Rosenblum and Frieda Rosenblum.
Mr. Capecelatro: It is so stipulated.
Mr. Penberthy: I so stipulate.
Mr. Quinn: And it is also stipulated that Mrs. Louise Rath, as stenographer, shall receive the sum of ninety cents per page for transcript of the minutes and the furnishing of five sets ■— one of which shall be furnished to each of the Commissioners and that the cost of same shall be added to the disbursements of the Commission.
Mr. Capecelatro: It is so stipulated.
Mr. Penberthy: I will so stipulate.”
On the motion to confirm the reports, counsel for the Housing Authority questioned the accuracy of the matters in parenthesis above set forth claiming that before taking testimony, one of the commissioners had suggested and demanded additional fees. *187 Affidavits were submitted on this question and the County Judge ruled against the Housing Authority, and confirmed the commissioner’s report. The order of confirmation provided:
“ 6. That plaintiff, Municipal Housing Authority of the City of Utica, New York, is directed to pay to each of the following named Commissioners, for compensation fixed by statute and for necessary expenses incurred by each of them, as follows: To J. Herbert Gilroy, $915.25; to Frank A. Dellecese, $910.75; to Edwin T. Ellen, $910.25; and by virtue of the stipulation entered into between the parties regarding the payment of increased fees to said Commissioners, the defendants Benjamin Rosenblum and Frieda Rosenblum are directed to pay to each of the above named Commissioners the sum of $900.00, compensation to said Commissioners being on the basis of thirty-six days served by each of them.”
The stipulation itself disqualified the commissioners when it was spread upon the record. It made them parties interested in the award, the recipients of gratuities from the owners of the property, Benjamin and Frieda Rosenblum and their servants and representatives in the proceeding. So far as appears in the record, the commissioners have not declined to accept the compensation from the defendants as awarded by the court. The statute limits the compensation of the commissioners to a sum not exceeding $25 per day as may be awarded by the court. In Matter of Bufalo, N. Y. & P. R. R. Co. (32 Hun 289), Presiding Justice Smith of the Fourth Department, speaking for a unanimous court, said at page 292: “In several other respects, there was conduct on the part of the commissioners or some of them which, although doubtless prompted by no wrong motive, ought to have been avoided, and cannot be approved. The statute provided a compensation for the services and expenses of commissioners while engaged in the discharge of their duties. That being the case, they ought not to accept gratuities from either party, by way of relief from the expenses to which they are necessarily subjected. It appears that in this case the commissioners rode from the village to the farm in a carriage provided by the landowner; one of them took supper at the landowner’s house, and was then sent to his own home in a carriage which the landowner furnished; and another, after the report was signed, accepted 1'rom the landowner a sum of money for his services and expenses, in excess of the amount allowed by statute and which was understood to be so at the time. The acts referred to probably had no effect upon the result in the present case, but it will *188 not do to make, a precedent of them, for if such practices were to become common, it would be easy for designing men to make them a cover for corruption.
“ On the whole we think the order of the Special Term should be reversed, the report set aside, and the case sent to other commissioners to be appointed on motion at Special Term, with ten dollars costs and disbursements.”
The commissioners must be disinterested and competent freeholders. (Condemnation Law, § 14.) When the commissioners became interested in the award, they ceased to be disinterested and competent freeholders. The integrity of the commissioners is not involved. (New York, W. S. & B. R. Co. v. Townsend, 36 Hun 630, 632; see, also, Terminal Railway v. Gerbereux, 55 Misc. 1, 2 and cases cited.) Counsel for the Municipal Housing Authority had no authority to agree to the commissioners receiving more than the statutory fees for their services or that the Rosenblums should pay a portion of the stipulated compensation. (City of Oswego v. Montcalm Dock Co., Inc., 245 App. Div. 555, 560, 561.) The case of Matter of Bd. of Supervisors (Baldwin) (270 N. Y. 16) is distinguishable on the facts. In that case the record shows that the fees complained of by the owners were paid by the petitioner, the County of Westchester. The owners of the property were not in a position to raise the question of excessive fees as they were not injured as a result thereof. The owners charged that the commissioners had been frequently entertained by the county attorney to their prejudice but the court held to the contrary and that finding was binding on the Court of Appeals. The question is open to us. “A commissioner of appraisal acts in a judicial capacity.” (Matter of Low, 142 App. Div. 533, 536.)
The commissioners erred in disregarding the testimony as to various parcels of land situated within the appropriated area and taken by the plaintiff which testimony related to the price paid by the owners of said premises and the price received by the owners from the plaintiff. This evidence was competent and admissible under subdivision 4 of section 125 of the Public Housing Law. In our- opinion, the award as a whole is quite excessive.
The order should be reversed and confirmation of the report refused, and the matter remitted to the County Court to appoint a new commission.