■ MIGUEL VILLA et al., Respondents, v CITY OF NEW YORK et al., Appellants, et al., Defendants.—In a medical malpractice action to recover damages for personal injuries, etc., the defendants the City of New York, the New York City Health and Hospitals Corporation, the Queens Hospital Center and E. C. Jorgensen appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Lerner, J.), entered March 23, 1987, as, upon a jury verdict and upon the denial of a motion to set that verdict aside, is in favor of the plaintiff Miguel Villa and against them in the principal sum of $1,550,000 and in favor of the plaintiff Nora Villa and against them in the principal sum of $200,000.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, the complaint is dismissed insofar as asserted against the City of New York, and a new trial is granted as to the defendants New York City Health and Hospitals Corporation, Queens Hospital Center and E. C. Jorgensen on the issue of damages only, unless within 20 days after service upon the plaintiffs of a copy of this decision and order with notice of entry, they shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict in favor of the plaintiff Miguel Villa as against the defendants New York City Health and Hospitals Corporation, Queens Hospital Center and E. C. Jorgensen as to damages to the principal sum of $600,000 and to reduce the verdict in favor of the plaintiff Nora Villa as against the same defendants as to damages to the principal sum of $75,000, and to the entry of an amended judgment accordingly; in the event that the plaintiffs so stipulate, then the judgment, as so reduced and amended, is modified, by dismissing the complaint insofar as it is asserted against the defendant the City of New York, and as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the appellants' contentions, the record reveals that the injured plaintiff adduced evidence from which the jury could rationally conclude that he was the victim of medical malpractice. The injured plaintiff was admitted to the defendant hospital initially for emergency treatment to repair lacerations of his right forearm including the ulnar and radical arteries, the ulnar and medial nerves and all the flexor tendons. After his discharge, he received treatment at the out-patient clinic of the Queens Hospital Center (hereinafter the hospital). The hospital records which were introduced into evidence at trial indicate that he made a good recovery. The defendant E. C. Jorgensen, who had attended at the emergency operation, conceded at trial that a "super result" had been achieved. However, Doctor Jorgensen testified that a tendon transfer operation was necessitated by the fact that the injured plaintiff was unable to oppose his thumb and that the further operation would give the injured plaintiff grasp and pinch. Doctor Jorgensen also attended at the second operation and, although he could not recall the events clearly, denied that either a median or ulnar nerve was lacerated or severed during that operation. He explained that the clawing only occurred after the second operation because before the tendons were repaired the injured plaintiff had a paralyzed hand. Thus, in his view, the clawing was a result of the residual injury.

However, the "description of operations" portion of the hospital records was not completed with respect to the second operation. The appellants conceded that this was contrary to good medical practice and in violation of hospital regulations. Furthermore, the recovery room report and other hospital records indicate that a separate procedure to repair a medial nerve had been performed on the injured plaintiff during this second operation, which the appellants deny.

The injured plaintiff testified that his hand before the second operation had been "almost normal" and he had returned to work and could fully perform his manual duties. Following the second operation, after removal of the cast, he noticed his hand clawed and, in addition to the new scars, the original scar on his wrist was "red" and "swollen". His expert Dr. Jacobs, a board-certified plastic and reconstructive surgeon, admitted he had difficulty in determining what had occurred during the operation due to the blank page of the operation report. However he concluded that "something drastic" had occurred during the second operation, as the records indicated that the plaintiff went into surgery with a func-

tional type of hand and emerged after the cast was removed with a functionless type of hand. Dr. Jacobs also testified that had the second procedure of a "medial nerve repair" indicated on the reports been attempted, it is most likely the entry site would have been the scar from the original surgery.

In light of the totality of the evidence, including the expert's opinion, it cannot be said that there is simply no valid line of reasoning and permissible inferences supporting the jury's determination. Significantly, with respect to causation, in order to establish a prima facie case, a plaintiff need not eliminate entirely all other possible causes. "It is enough that he offer sufficient evidence from which reasonable men might conclude that it is more probable than not that the injury was caused by the defendant" *(Mertsaris v 73rd Corp.,* 105 AD2d 67, 83). There was ample circumstantial evidence from the hospital records that an improper procedure was performed on the injured plaintiff. The appellants' alternative theory of residual injury was sufficiently refuted by Dr. Jacobs *(cf., Cassano v Hagstrom,* 5 NY2d 643; *Lipsius v White,* 91 AD2d 271).

We conclude that the issue of malpractice and the question of proximate cause were properly submitted to the jury, whose determination we decline to disturb.

We reject the further contention that the verdict was against the weight of the evidence. This court will not set aside a jury verdict merely because a different conclusion could be reached or because the jury's reasoning is difficult to comprehend. Rather the court must determine that the jury's findings could not be reached by any fair interpretation of the evidence *(Nicastro v Park,* 113 AD2d 129). Such a situation does not exist here.

However, we do dismiss the complaint insofar as asserted against the defendant City of New York, which is not a proper party *(Brennan v City of New York,* 88 AD2d 871, *affd* 59 NY2d 791).

The verdict as to damages was excessive to the extent indicated. Lawrence, J. P., Rubin, Eiber and Balletta, JJ., concur.