■ MARY QUINN, Appellant, v ARTCRAFT CONSTRUCTION, INC., Defendant and Third-Party Plaintiff-Respondent. AIR MASTER CORPORATION et al., Third-Party Defendants-Respondents. [610 NYS2d 598] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Garry, J.), entered January 30, 1992, which, upon granting the defendant's motion pursuant to CPLR 4401 for judgment after the close of the plaintiff's case on the ground of failure to present a prima facie case, dismissed the complaint.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff commenced this negligence action against the defendant, alleging that it negligently installed a replacement window in the school in which the plaintiff was employed as a teacher. The plaintiff was injured when a window she attempted to close allegedly fell out of its window frame, hitting her in the head. The accident occurred in September 1987, seven years after the window had been installed by the defendant. Since the original installation, some of the windows had been repaired and replaced by non-parties to this action.

In April 1988, the defendant served a demand on the

plaintiff for expert information pursuant to CPLR 3101 (d) (1). The demand was a continuing one, requiring the disclosure of information whenever it is received. The plaintiff did not retain an expert until a few days before the trial, nearly three years after the request. The expert inspected the school windows a day before trial, 11 years after they had been installed and four years after the accident. When the plaintiff attempted to present the expert's testimony upon trial, the Trial Judge precluded it on two bases: first, because he deemed the expert's opinion to be purely speculative, lacking a factual basis in the record, and second, because the plaintiff's late retention of the expert approximately four days prior to trial was not in compliance with CPLR 3101 (d) (1) (i). Thereafter, at the close of the plaintiff's case, the court dismissed the complaint for failure to make out a prima facie case. We affirm.

The plaintiff's expert proposed to testify that in his opinion the defendant caused the injury to the plaintiff by improperly installing the windows. However, no evidence was presented at trial to show that the defendant was in any way negligent in such installation. The opinion testimony of an expert must be based on facts in the record or personally known to the witness *(see, Cassano v Hagstrom,* 5 NY2d 643, 646). An expert may not reach a conclusion by assuming material facts not supported by the evidence, and may not guess or speculate in drawing a conclusion *(see, Cassano v Hagstrom, supra).* We find that the expert's opinion was not based upon facts either contained in the record or within his personal knowledge, and therefore, for this reason the testimony was properly excluded.

In any event, the plaintiff did not comply with a CPLR 3101 (d) (1) request requiring a party to disclose his or her expert witness and certain expert information prior to trial when served with a proper demand. The statute also provides that "where a party for good cause shown retains an expert an insufficient period of time before the commencement of trial to give appropriate notice thereof, the party shall not thereupon be precluded from introducing the expert's testimony at the trial solely on grounds of noncompliance with this paragraph" (CPLR 3101 [d] [1] [i]). In this case, the plaintiff failed to show good cause why she did not retain an expert until a few days before trial. Under such circumstances, the trial court's preclusion order was proper on this second ground *(see, Corning v Carlin,* 178 AD2d 576).

Since the remainder of the proof presented by the plaintiff

at trial did not make out a prima facie showing of the defendant's negligence, the trial court properly dismissed the complaint. Lawrence, J. P., O'Brien, Joy and Florio, JJ., concur.