■ CONCHETTE CAPPOLLA, Respondent, v CITY OF NEW YORK, Appellant. [755 NYS2d 100] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Queens County (Golar, J.), entered January 23, 2002, which, upon a jury verdict, and upon the denial of its motion pursuant to CPLR 4404 to set aside the verdict and for judgment in its favor as a matter of law, is in favor of the plaintiff and against it in the principal sum of $4,000,000 ($2,000,000 for past pain and suffering and $2,000,000 for future pain and suffering).

Ordered that the judgment is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On the morning of May 27, 1983, the plaintiff was driving westbound in the left hand lane of the Grand Central Parkway in the vicinity of Francis Lewis Boulevard. At the time of the accident, it was raining very heavily. The plaintiff testified

that she encountered a "puddle" of water on the roadway. After encountering the water, which "gulfed" the car, the plaintiff lost control of the car, which eventually traveled down an embankment where it exploded. However, the plaintiff had no memory of the amount of water that she encountered or where the accident occurred. It is undisputed that there were "slippery when wet" signs posted adjacent to the vicinity where the accident allegedly occurred.

The plaintiff presented two distinct theories of liability at trial: (1) that the City of New York had actual notice of a slippery roadway condition through the placement of "slippery when wet" signs in the vicinity of the area where the accident allegedly occurred, and (2) that the City had constructive notice of a recurrent flooding condition on the roadway where the accident allegedly occurred which resulted from three catch basins which were clogged with debris. At trial, the plaintiff's engineering expert testified that the accident was caused by a flooding condition which resulted from three catch basins in the vicinity of the alleged accident location being clogged with debris. Further, the plaintiff's expert maintained that the accident was also caused by the City's failure to groove the roadway in the area where "slippery when wet" signs were located. The jury found the City 100% at fault in the happening of the accident. The City then moved pursuant to CPLR 4404 to set aside the verdict and for judgment in its favor as a matter of law. The Supreme Court denied the motion. We reverse.

To impose liability upon a defendant in a negligence action based upon a defective condition, a plaintiff must establish that the defendant either created the condition or had actual or constructive notice of it (see Gordon v American Museum of Natural History, 67 NY2d 836 [1986]).

To constitute constructive notice, a defect must be visible and apparent and must exist for a sufficient length of time before the accident to permit the defendant to discover and remedy it (see Gordon v American Museum of Natural History, supra). A defendant with actual knowledge of an ongoing and recurring dangerous condition may be charged with constructive notice of each specific reoccurrence of the condition (cf. Petri v Half Off Cards, 284 AD2d 444 [2001]; Osorio v Wendell Terrace Owners Corp., 276 AD2d 540 [2000]; Weisenthal v Pickman, 153 AD2d 849, 851 [1989]). In the instant case, there is no evidence that the subject catch basins were clogged with debris which resulted in flooding on the date of the accident, and that the City failed to correct such condition.

While the evidence at trial established that the City received two prior complaints regarding catch basins approximately 18 months before the date of the accident, the City cleaned the catch basins within a day of receiving each complaint. Neither complaint indicated that the catch basins were located at the site where the accident allegedly occurred. Although one prior complaint indicated a catch basin flooding condition, the other complaint only indicated a need for cleaning and failed to state whether a flooding condition existed. While the plaintiff's engineering expert concluded that the flooding condition resulted from the three catch basins being clogged with debris, the conclusion was without probative value, since it was not supported by any facts in the record (*see Hambsch v New York City Tr. Auth.,* 63 NY2d 723 [1984]; *DeLuca v Ju Liu,* 297 AD2d 307 [2002]; *Soto v New York City Tr. Auth.,* 295 AD2d 419 [2002]; *Quinn v Artcraft Constr.,* 203 AD2d 444 [1994]).

"It is settled and unquestioned law that opinion evidence must be based on facts in the record or personally known to the witness * * * [The witness] cannot reach [a] conclusion by assuming material facts not supported by evidence" (*Cassano v Hagstrom,* 5 NY2d 643, 646 [1959]). "[An expert] may not guess or speculate in drawing a conclusion" (*Quinn v Artcraft Constr., supra* at 445; *see Hambsch v New York City Tr. Auth., supra*). The conclusion of the plaintiff's engineering expert that the area where the plaintiff encountered the alleged flooding condition was located at the site of the clogged catch basins was speculative and without any probative value, as there was no testimony elicited at trial as to the specific location of such alleged condition that the plaintiff encountered on the roadway (*see Hambsch v New York City Tr. Auth., supra*; *DeLuca v Ju Liu, supra*; *Soto v New York City Tr. Auth., supra*; *Quinn v Artcraft Constr., supra*).

The City also argues that the plaintiff failed to establish that it had notice of a slippery roadway condition. However, the City conceded that it "arguably" had notice of a slippery roadway condition and moved for a directed verdict solely on the ground that the plaintiff failed to prove that it had notice of an accumulation of water which allegedly caused the accident. Accordingly, the City's argument regarding lack of notice of a slippery roadway condition, which is raised for the first time on appeal, is unpreserved for appellate review (*see Zafonte v Steinhammer,* 277 AD2d 450 [2000]; *Fleet Bank v Powerhouse Trading Corp.,* 267 AD2d 276 [1999]; *Gomez v Feder, Connick & Goldstein,* 260 AD2d 348 [1999]).

However, the plaintiff's claim regarding the City's alleged

negligence based upon a slippery roadway condition also must fail since the plaintiff failed to establish that such condition was the proximate cause of her injuries (*see generally Pulka v Edelman,* 40 NY2d 781 [1976]; *Gordon v Muchnick,* 180 AD2d 715 [1992]). Neither the plaintiff nor the occupants of her vehicle testified that the plaintiff lost control of the car due to a slippery roadway condition. The testimony of the plaintiff's engineering expert that the plaintiff lost control of the car due to a slippery roadway condition was speculative and without any evidentiary support (*see Hambsch v New York City Tr. Auth., supra; Quinn v Artcraft Constr., supra*).

Accordingly, the Supreme Court erred in submitting the case to the jury and in denying the City's motion since the plaintiff failed to establish that the City had notice of the flooding condition and failed to demonstrate that the slippery roadway was the proximate cause of her accident. As such, the complaint must be dismissed.

The parties' remaining contentions have been rendered academic in light of our determination. Florio, J.P., Crane, Cozier and Rivera, JJ., concur.