■ MARK HODGE, Respondent, v LOSQUADRO FUEL CORP. et al., Appellants. [814 NYS2d 531]—

In an action, inter alia, to recover for damage to property, the defendants appeal from a judgment of the Supreme Court, Queens County (Weiss, J.), dated November 23, 2004, which, after a nonjury trial, and upon the denial of that branch of their motion which was for judgment pursuant to CPLR 4401 as a matter of law made at the close of the evidence, is in favor of the plaintiff and against them in the principal sum of $45,000.

Ordered that the judgment is reversed, on the law, with costs, that branch of the defendants' motion which was for judgment as a matter of law is granted, and the complaint is dismissed.

"As this case was tried to the court, without a jury, this Court's power to review the evidence is as broad as that of the trial court, with appropriate regard given to the decision of the trial judge who was in a position to assess the credibility of the witnesses" (*Bubba's Bagels of Wesley Hills, Inc. v Bergstol,* 18 AD3d 411, 412 [2005]; *see Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983]).

Here, the Supreme Court's conclusions were based upon the testimony of the plaintiff's expert witness. " '[An expert] may not guess or speculate in drawing a conclusion' " (*Cappolla v City of New York,* 302 AD2d 547, 549 [2003], quoting *Quinn v Artcraft Constr.,* 203 AD2d 444, 445 [1994]). Upon our review of the record, we find that the plaintiff's expert's testimony regarding the purported diminution of the value to the plaintiff's property was speculative and conclusory.

In light of the foregoing, we need not reach the defendants' remaining contentions. Adams, J.P., Rivera, Skelos and Lifson, JJ., concur.