■ Shi Pei Fang, Respondent, v Heng Sang Realty Corporation, Appellant. (And a Third-Party Action.) [822 NYS2d 462]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Queens County (Hollie, J.), dated January 27, 2005, which, upon a jury verdict awarding the plaintiff, inter alia, the principal sums of $750,000 for past pain and suffering and $1,250,000 for future pain and suffering, and upon an order of the same court dated June 6, 2003, granting that branch of the defendant's motion which was, in effect, for a new trial on damages unless the plaintiff stipulated to reduce the verdict for damages for past

pain and suffering to the principal sum of $300,000 and for future pain and suffering to the principal sum of $750,000, is in favor of the plaintiff and against it.

Ordered that the judgment is affirmed, with costs.

"Whether or not expert testimony is admissible on a particular point is a mixed question of law and fact addressed primarily to the discretion of the trial court [and, a]s a general rule, the expert should be permitted to offer an opinion on an issue which involves professional or scientific knowledge or skill not within the range of ordinary training or intelligence" (*Selkowitz v County of Nassau,* 45 NY2d 97, 101-102 [1978] [internal quotation marks deleted], quoting *Dougherty v Milliken,* 163 NY 527, 533 [1900]). "The opinion testimony of an expert must be based on facts in the record or personally known to the witness" (*Quinn v Artcraft Constr.,* 203 AD2d 444, 445 [1994], citing *Cassano v Hagstrom,* 5 NY2d 643, 646 [1959]). "An expert may not reach a conclusion by assuming material facts not supported by the evidence, and may not guess or speculate in drawing a conclusion" (*Quinn v Artcraft Constr., supra*). Contrary to the contention of the defendant Heng Sang Realty Corporation (hereinafter Heng Sang), the testimony of the plaintiff's expert was based on facts in the record and his own analysis, not speculation.

"A jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence. Great deference is accorded to the fact-finding function of the jury, and determinations regarding the credibility of witnesses are for the factfinders, who had the opportunity to see and hear the witnesses" (*Kinney v Taylor,* 305 AD2d 466, 467 [2003] [citations omitted]; *see Nicastro v Park,* 113 AD2d 129, 134 [1985]). In the instant case, the jury's verdict regarding liability was based on a fair interpretation of the evidence.

Under the circumstances of this case, the damages awarded to the plaintiff, as reduced by the Supreme Court and upon stipulation of the plaintiff, did not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Keefe v E & D Specialty Stands,* 272 AD2d 949 [2000]; *Van Deusen v Norton Co.,* 204 AD2d 867, 870-871 [1994]; *Villa v City of New York,* 148 AD2d 699 [1989]). Crane, J.P., Ritter, Rivera and Lunn, JJ., concur.