■ SHI PEI FANG, Respondent, v HENG SANG REALTY CORPORATION, Appellant. (And a Third-Party Action.) [835 NYS2d 194]—

Motion by the appellant for leave to reargue an appeal from a judgment of the Supreme Court, Queens County (Hollie, J.), dated January 27, 2005, which was determined by decision and order of this Court dated October 24, 2006.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion for leave to reargue is granted, and upon reargument, the decision and order of this Court dated October 24, 2006 (*Shi Pei Fang v Heng Sang Realty Corp.*, 33 AD3d 904 [2006]), is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover damages for personal injuries, the defendant Heng Sang Realty Corporation appeals from a judgment of the Supreme Court, Queens County (Hollie, J.), dated January 27, 2005, which, upon a jury verdict awarding the plaintiff, inter alia, the principal sums of $122,640 for past loss of earnings, $220,000 for future loss of earnings over a period of 12 years, $750,000 for past pain and suffering, and $1,250,000 for future pain and suffering, and upon an order of the same court dated June 6, 2003, which, inter alia, granted that branch of the motion of the defendant Heng Sang Realty Corporation

which was, in effect, for a new trial on the issue of damages for past pain and suffering and future pain and suffering unless the plaintiff stipulated to reduce the verdict for damages for past pain and suffering to the principal sum of $300,000 and for future pain and suffering to the principal sum of $750,000, is in favor of the plaintiff and against it.

Ordered that the judgment is affirmed, with costs.

"Whether or not expert testimony is admissible on a particular point is a mixed question of law and fact addressed primarily to the discretion of the trial court. As a general rule the expert should be permitted to offer an opinion on an issue which involves a 'professional or scientific knowledge or skill not within the range of ordinary training or intelligence' " (*Selkowitz v County of Nassau*, 45 NY2d 97, 101-102 [1978], quoting *Dougherty v Milliken*, 163 NY 527, 533 [1900]). "The opinion testimony of an expert must be based on facts in the record or personally known to the witness" (*Quinn v Artcraft Constr.*, 203 AD2d 444, 445 [1994], citing *Cassano v Hagstrom*, 5 NY2d 643, 646 [1959]). "An expert may not reach a conclusion by assuming material facts not supported by the evidence, and may not guess or speculate in drawing a conclusion" (*id.*). Contrary to the contention of the defendant Heng Sang Realty Corporation, the testimony of the plaintiff's expert was based on facts in the record and his own analysis, not speculation.

"A jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence. Great deference is accorded to the fact-finding function of the jury, and determinations regarding the credibility of witnesses are for the fact-finders, who had the opportunity to see and hear the witnesses" (*Kinney v Taylor*, 305 AD2d 466, 467 [2003] [citations omitted]; *see Nicastro v Park*, 113 AD2d 129, 134 [1985]). In the instant case, the jury verdict regarding liability was based on a fair interpretation of the evidence.

Under the circumstances of this case, the damages awarded to the plaintiff, as reduced by the Supreme Court and upon stipulation of the plaintiff, did not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Keefe v E & D Specialty Stands*, 272 AD2d 949 [2000]; *Van Deusen v Norton Co.*, 204 AD2d 867 [1994]; *Villa v City of New York*, 148 AD2d 699 [1989]).

The defendant's argument that the plaintiff should not be permitted to recover lost wages because of his status as an illegal alien is without merit (*see Balbuena v IDR Realty LLC*, 6 NY3d 338, 358 [2006]). Moreover, the verdict regarding lost

wages was supported by sufficient evidence (*see Majlinger v Cassino Contr. Corp.*, 25 AD3d 14, 30 [2005], *affd sub nom. Balbuena v IDR Realty LLC, supra; Hernandez v M/V Rajaan*, 848 F2d 498, 500 [1988]). Crane, J.P., Rivera, Ritter and Lunn, JJ., concur.