■ RAMON ANTIGUA et al., Respondents, v CITY OF NEW YORK et al., Appellants. [860 NYS2d 626]—

In an action to recover damages for personal injuries, etc., the defendants City of New York, New York City Transit Authority, and Excel Group, Inc., appeal from a judgment of the Supreme Court, Kings County (Ruchelsman, J.), entered February 13, 2007, which, upon a jury verdict, and upon denying the motion of the defendants New York City Transit Authority and Excel Group, Inc., and granting the separate motion of the defendant City of New York pursuant to CPLR 4401 for judgment as a matter of law based on the plaintiffs' failure to establish a prima facie case as to each of them, is in favor of the plaintiffs and against the defendants New York City Transit Authority and Excel Group, Inc., in the principal sum of $401,875.

Ordered that the appeal by the defendant City of New York is dismissed, as that defendant is not aggrieved by the judgment; and it is further,

Ordered that the judgment is affirmed insofar as appealed from by the defendants New York City Transit Authority and Excel Group, Inc., with costs.

On the evening of January 18, 2000 the plaintiff Ramon Antigua tripped and fell after stepping into a depression in the sidewalk near the corner of Broadway and Eastern Parkway in Brooklyn. The evidence adduced at trial established that, prior

to the occurrence, the defendant New York City Transit Authority (hereinafter the Transit Authority) had hired the defendant Excel Group Inc. (hereinafter Excel), to perform major renovations to an elevated train station complex located in the vicinity. According to the trial testimony of the Transit Authority's witness, as part of the project, it was necessary to inspect the bottom portions of the steel columns which supported the elevated train tracks at the subject location, for signs of deterioration, and that to gain access to those portions of the columns, it was necessary to remove the surface of the sidewalk and then excavate to a depth of approximately 18 inches beneath the sidewalk.

Following the close of the plaintiffs' case, the Transit Authority and Excel (hereinafter together the defendants) moved pursuant to CPLR 4401 for judgment as a matter of law based on the plaintiffs' failure to establish a prima facie case. The Supreme Court denied the motion, the jury found that the defendants were negligent and awarded damages to the plaintiffs, and judgment was entered in favor of the plaintiffs and against the defendants. We affirm the judgment insofar as appealed from by the defendants.

A motion for judgment as a matter of law may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could lead rational persons to the conclusions reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the moving party (see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]; see also Tapia v Dattco, Inc., 32 AD3d 842 [2006]). In considering such a motion, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (Hand v Field, 15 AD3d 542, 543 [2005], quoting Szczerbiak v Pilat, 90 NY2d at 556). Contrary to the defendants' contention, viewing the facts in the light most favorable to the plaintiffs, the evidence adduced at trial, including photographic exhibits of the site of the location, was sufficient to establish, prima facie, that the hole was created by the defendants' negligence. Accordingly, the Supreme Court properly denied the defendants' motion.

The defendants' remaining contentions are without merit. Fisher, J.P., Santucci, Balkin and Belen, JJ., concur.