■ PETER FUSCO et al., Respondents, v STATE FARM FIRE AND CASUALTY COMPANY, Appellant. [871 NYS2d 295]—

In the summer of 2003, the plaintiffs noticed a stain on the liner to the swimming pool on their property. The plaintiffs had soil tests performed and discovered that the stain was caused by an oil discharge from their neighbor's pool heater. The neighbor contacted its insurance carrier, the defendant, State Farm Fire and Casualty Company, also known as State Farm Insurance Company, which also carried the plaintiff's homeowner's insurance.

The defendant paid for the full remediation of the oil spill, including removing and replacing the soil, excavating the plaintiffs' backyard, replacing the plaintiffs' pool, shrubs, driveway, fencing, and landscaping, and purchasing beach club membership for them. In addition, an aquifer was installed on the property to monitor the ground water.

The monitoring wells remained on the plaintiffs' property for two years, and by November 16, 2006, the New York State Department of Environmental Conservation issued a "No Further Action Letter" determining that the necessary clean-up and removal actions for the site had been completed, and the monitoring wells were removed.

At trial, the plaintiffs contended that the value of their property was diminished due to the stigma of the oil leak. They presented evidence from a real estate appraiser purporting to establish that the stigma, as an indirect consequence of the spill, was a further measure of the damages suffered. The plaintiffs' appraiser, however, did not provide evidence of sales of proper-

ties that had oil leaks compared to properties that did not, rendering her opinion of diminution of value due to stigma highly speculative and conclusory (*see Hodge v Losquadro Fuel Corp.*, 29 AD3d 861 [2006]; *Putnam v State of New York*, 223 AD2d 872 [1996]). The evidence at trial demonstrated that the plaintiffs had been made whole for their losses and that no permanent damages were sustained.

Contrary to the plaintiffs' contention, even viewing the facts in the light most favorable to the plaintiffs, there is no valid line of reasoning and permissible inferences which could lead rational persons to the conclusions reached by the jury upon the evidence presented at trial, which did not establish, prima facie, that any diminution of value of the property remained after the completion of the remediation (*see Antigua v City of New York*, 52 AD3d 751 [2008]). Accordingly, the defendant's motion, in effect, pursuant to CPLR 4401 for judgment as a matter of law should have been granted and the complaint dismissed.

In view of the foregoing, there is no basis for the award of attorney's fees, expert fees, costs, and disbursements. Lifson, J.P., Santucci, Balkin and Belen, JJ., concur.