■ MICHAEL CASSIDY, Respondent, v CITY OF NEW YORK et al., Appellants. [994 NYS2d 635]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated

July 15, 2013, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant City of New York.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant City of New York is granted.

The plaintiff allegedly sustained personal injuries when the vehicle he was driving hydroplaned on an accumulation of water in the eastbound lane of the Jackie Robinson Parkway, approximately 50 feet west of Forest Park Drive, in Queens. The plaintiff commenced this action against the City of New York, among others, alleging negligence.

To impose liability upon a defendant in a negligence action based upon a dangerous condition, a plaintiff must establish that the defendant either created the condition or had actual or constructive notice of it (see Cappolla v City of New York, 302 AD2d 547, 548 [2003]). To constitute constructive notice, a dangerous condition must be visible and apparent and must exist for a sufficient length of time before the accident to permit the defendant to discover and remedy it (see id.; see Gordon v American Museum of Natural History, 67 NY2d 836 [1986]). "A defendant with actual knowledge of an ongoing and recurring dangerous condition may be charged with constructive notice of each specific reoccurrence of the condition" (Cappolla v City of New York, 302 AD2d at 548).

Here, the defendants established, prima facie, that the City neither created nor had actual or constructive notice of a flooding condition on the portion of Jackie Robinson Parkway where the plaintiff alleged that his accident occurred. As such, the defendants established the City's prima facie entitlement to judgment as a matter of law, which shifted the burden to the plaintiff to produce evidentiary proof in admissible form sufficient to raise a triable issue of fact to defeat the defendants' motion (see CPLR 3212 [b]; Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).

Contrary to the determination of the Supreme Court, the plaintiff failed to raise a triable issue of fact. In opposition to the defendants' motion, the plaintiff submitted evidence demonstrating that the City had previously received complaints of flooding near the intersection of Jackie Robinson Parkway and Myrtle Avenue. However, the plaintiff did not submit any evidence demonstrating that flooding at this intersection was related to flooding at the location of his accident. Accordingly, this

evidence was insufficient to raise a triable issue of fact as to whether the City was on constructive notice of a dangerous condition at the location of the plaintiff's accident (*see generally Garcia v City of New York*, 53 AD3d 644 [2008]; *Rubina v City of New York*, 51 AD3d 761 [2008]; *Cendales v City of New York*, 25 AD3d 579, 581 [2006]; *Cappolla v City of New York*, 302 AD2d at 549).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the City. Balkin, J.P., Leventhal, Maltese and Barros, JJ., concur.