█ Latham Land I LLC, Appellant, v TGI Friday's Inc., Respondent. [1 NYS3d 461]—

Clark, J. Appeal from an order of the Supreme Court (Platkin, J.), entered March 20, 2013 in Albany County, which, upon remittal, among other things, awarded plaintiff damages in the amount of $451,963 and statutory interest from a date certain.

In 2007, the parties entered into a contract providing that defendant would construct and operate a restaurant on property owned by plaintiff in the Town of Colonie, Albany County. The contract contemplated that defendant would lease the property for at least 10 years. Defendant failed to build the restaurant and, in 2008, announced that it was terminating the contract, prompting plaintiff to commence this action for breach of contract. Plaintiff thereafter sold to a third party both the property designated to be leased to defendant, as well as an adjacent parcel that had been successfully leased to another restaurant. Following a nonjury trial, Supreme Court held that defendant had breached the contract but that plaintiff had failed to prove damages.

Upon appeal, this Court agreed with plaintiff "that the value of its property following defendant's breach was lower than it would have been had defendant honored the lease agreement, and . . . that the difference in those values is a proper measure of damages" (96 AD3d 1327, 1331 [2012]). This is because the parties' agreement constituted a triple net lease, an investment

vehicle wherein plaintiff would derive net income from the rental payments because defendant agreed to bear "costs such as property taxes, insurance and maintenance" on the leased property (*id.* at 1331 n 2). Accordingly, we remitted for Supreme Court to determine the damages sustained by plaintiff (*id.* at 1332-1333).

The parties thereafter stipulated that Supreme Court would rely on the record in the initial appeal to determine the amount of damages, and that no additional evidence was required. Supreme Court noted that a market existed for the purchase and sale of triple net leases and agreed with plaintiff that income capitalization was the appropriate method for determining the value of the lease. That method arrives at a market value by taking plaintiff's net income—namely, the rent it was to receive over the life of the lease—and dividing it by a capitalization rate. The capitalization rate, in turn, is determined by reviewing sales of comparable properties that have been sold subject to a triple net lease, dividing the sales price of such a property by the income derived from the lease. Supreme Court credited the testimony of Stephen Rosenblatt, a real estate broker retained by defendant, that a capitalization rate between 8.5% and 9% was appropriate. Supreme Court otherwise relied upon the analysis advanced by plaintiff's valuation expert for determining the amount of damages, and calculated that the value of the lease was $1,808,333. After factoring in the proceeds from the later sale of the property, Supreme Court utilized a 9% capitalization rate and awarded plaintiff damages in the amount of $451,963, with interest. Plaintiff now appeals.

While plaintiff's effort to supplement the record with additional technical publications that were not before Supreme Court is improper (*see* CPLR 5526; *Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 746-747 [2000]), we nevertheless agree with it that Supreme Court's award of damages cannot stand. "Upon review of a nonjury trial verdict, this Court independently review[s] the probative weight of the evidence, together with the reasonable inferences that may be drawn therefrom, and grant[s] the judgment warranted by the record while according due deference to the trial court's factual findings and credibility determinations" (*St. Lawrence Factory Stores v Ogdensburg Bridge & Port Auth.*, 121 AD3d 1226, 1227 [2014] [internal quotation marks and citations omitted]; *see Smith v State of New York*, 121 AD3d 1358, 1358-1359 [2014]). Setting the appropriate capitalization rate is a factual issue and, as such, Supreme Court's findings in that regard are generally entitled to deference (*see St. Agnes Cemetery v State of New*

*York,* 3 NY2d 37, 47 [1957]; *Matter of Lowe's Home Ctrs., Inc. v Board of Assessment Review and/or Dept. of Assessment Review of Tompkins County,* 106 AD3d 1306, 1308 [2013]). Plaintiff asserts that such deference is not warranted here, inasmuch as Rosenblatt "testified in a conclusory fashion, relying solely on his background and experience," and offered no factual justification for his opinion (*Fonda, Johnstown & Gloversville R. R. Co. v State of New York,* 29 AD2d 240, 242 [1968]; *see Caton v Doug Urban Constr. Co.,* 65 NY2d 909, 911 [1985]; *Hodge v Losquadro Fuel Corp.,* 29 AD3d 861, 862 [2006]).

We agree. Rosenblatt premised his testimony upon the incorrect assumption that the agreement between the parties was not valid and, as such, conducted a comparable market analysis using sales of undeveloped land. He agreed with plaintiff's appraiser, Bruce Bauer, that an income capitalization method would be the appropriate means of valuation if the agreement were valid and that comparable properties to be used in that analysis would not be undeveloped parcels, but rather those sold subject to triple net leases. Rosenblatt did not agree with the capitalization rate that Bauer derived from his analysis of such sales, but failed to explain how he arrived at a different capitalization rate. Indeed, Rosenblatt testified that he had done no research to locate relevant comparable sales, gave no details as to how he had derived an appropriate capitalization rate, and admitted that he would want to "look at [the issue] again" if the agreement between the parties was deemed to be valid. Rosenblatt's opinion, in short, was not supported by facts in the record and is entitled to little weight (*see e.g. Matter of Board of Mgrs. of French Oaks Condominium v Town of Amherst,* 23 NY3d 168, 176-177 [2014]). The competing opinion of Bauer, who found a 6.5% capitalization rate to be appropriate, was not above question. It was, however, the only detailed and factually supported opinion offered, and Supreme Court erred in failing to credit it (*see Caggianelli v Sontheimer,* 46 AD3d 1206, 1208 [2007]; *Matter of Habern Realty Co. v Tax Commn. of City of N.Y.,* 102 AD2d 302, 308 [1984]). Thus, plaintiff is entitled to a damages award calculated using a 6.5% capitalization rate, which amounts to $1,528,886.

McCarthy, J.P., Egan Jr. and Devine, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by awarding plaintiff damages in the amount of $1,528,886, with statutory interest from March 24, 2008, and, as so modified, affirmed.