Benjamin v City of New York (2019 NY Slip Op 09098)





Benjamin v City of New York


2019 NY Slip Op 09098


Decided on December 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2019

Manzanet-Daniels, J.P., Kern, Oing, Singh, JJ.


10029 106847/04

[*1] Yannick Benjamin, et al., Plaintiffs-Appellants,
v
The City of New York, et al., Defendants-Respondents.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York (John Moore of counsel), for the City, respondent.
Torino & Bernstein, P.C., Mineola (Bruce A. Torino of counsel), for Trocom Construction Corp., respondent.



Order, Supreme Court, New York County (W. Franc Perry, J.), entered May 1, 2017, which granted defendants' motions for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Plaintiffs allege that plaintiff Yannick Benjamin was injured after his car collided with and rolled over a guiderail on the northbound side of the Henry Hudson Parkway, near 96th Street. This action was brought against the City and various City agencies (the City defendants), alleging negligence. The action against defendant Trocom Construction Corp. (Trocom) alleges liability based upon its' contract with the City to replace certain damaged guiderails between 79th and 125th Streets.
The City defendants established prima facie entitlement to judgment as a matter of law by submitting New York City Department of Transportation records revealing that they had not received any prior written notice of the allegedly defective roadway markings (see New York City Administrative Code § 7-201(c)(2); Sada v City of New York, 168 AD3d 1014, 1014-1015 [2d Dept 2019]). In opposition, plaintiffs failed to raise a triable issue of fact.
We reject plaintiffs' claim that the City defendants were negligent in failing to adequately address a recurrent flooding condition at catch basins in the area of plaintiff's accident (see generally Cappolla v City of New York, 302 AD2d 547, 548 [2d Dept 2003], lv denied 100 NY2d 511 [2003]). Deposition testimony indicates eight flooding complaints within approximately three years in the vicinity of plaintiff's accident. Of these complaints, three involved different locations, two were not substantiated, and the remaining three were either timely remedied or resolved themselves (see Cassidy v City of New York, 121 AD3d 735, 736-37 [2d Dept 2014]; Cappolla, 302 AD2d at 548-49). As none of the reported flooding incidents were caused by clogged catch basins, the reports were insufficient to constitute constructive notice of a recurrent flooding hazard (see Cassidy, 121 AD3d at 736-37; Cappolla, 302 AD2d at 548-49).
We also reject plaintiffs' claim that a history of similar accidents should have put the City on notice of a hazardous guiderail. According to New York State Department of Transportation records, in the five years preceding the subject accident, there were two prior accidents in the area labeled "collision with guiderail - end," but the known facts regarding those accidents and the incident road conditions were sufficiently dissimilar to preclude finding that the subject guiderail was an actionable hazard (see generally Chunhye Kang-Kim v City of New York, 29 AD3d 57, 59-61 [1st Dept 2006]; see Gjonaj v Otis El. Co., 38 AD3d 384, 385 [1st Dept 2007]). The five notices of claim submitted by plaintiffs were likewise insufficient to put the City on notice of a defective guiderail at the location where plaintiff was injured (see Fan Guan v State of New York, 55 AD3d 782, 785 [2d Dept 2008]; Martin v State of New York, 305 AD2d 784, 785 [*2][3d Dept 2003], lv denied 100 NY 512 [2003]; but cf. Gregorio v City of New York, 246 AD2d 275, 280 [1st Dept 1998], lv dismissed 93 NY2d 917 [1999]).
The specificity of Trocom's guiderail replacement contract with the City, and the fact that this defendant did not repair the guiderail where plaintiff was injured, preclude plaintiff claim against this defendant (see generally Espinal v Melville Snow Contrs., 98 NY2d 136, 138, 140, 142-43 [2002]; Rosenbaum, Rosenfeld & Sonnenblick, LLP v Excalibur Group NA, LLC, 146 AD3d 489, 490 [1st Dept 2017]).
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 19, 2019
CLERK