Matter of Behar v Friedman (2020 NY Slip Op 00856)





Matter of Behar v Friedman


2020 NY Slip Op 00856


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON, JJ.


2016-10686
 (Index No. 58705/16)

[*1]In the Matter of Leon Behar, et al., appellants,
v
Marc Friedman, et al., respondents. (Matter No.1) 2016-11088 2017-03405 Leon Behar, et al., appellants, Quaker Ridge Golf Club, Inc., respondent. (Index No. 11594/10) (Matter No. 2) 


Cohn & Spector, White Plains, NY (Julius W. Cohn of counsel), for appellants.
Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY (Scott D. Musoff, Patrick G. Rideout, and Michael C. Griffin of counsel), for respondents in Matter Nos. 1 and 2.



DECISION & ORDER
In a proceeding to hold Marc Friedman and Robert Musich in civil contempt and a related action for injunctive relief and to recover damages for nuisance, trespass, and negligence, the petitioners/plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated October 5, 2016, (2) an order and judgment (one paper) of the same court dated October 7, 2016, and (3) a judgment of the same court dated November 21, 2016. The order dated October 5, 2016, insofar as appealed from, denied the plaintiffs' motions in Matter No. 2 to hold Quaker Ridge Gold Club, Inc., in civil contempt for violating a permanent injunction issued on June 18, 2014. The order and judgment dated October 7, 2016, denied the petitioners' motions in Matter No. 1 to hold Marc Friedman and Robert Musich in civil contempt for violating a permanent injunction issued on June 18, 2014, and dismissed the proceeding. The judgment dated November 21, 2016, upon a decision of the same court dated October 4, 2016, made after a nonjury trial, is in favor of the plaintiffs in Matter No. 2 and against Quaker Ridge Gold Club, Inc., in the principal sum of only $7,323.75.
ORDERED that the appeal from the order dated October 5, 2016, is dismissed, without costs or disbursements; and it is further,
ORDERED that the order and judgment dated October 7, 2016, is affirmed, without costs or disbursements; and it is further,
ORDERED that the judgment dated November 21, 2016, is reversed, on the facts, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a recalculation of damages consistent herewith, and the entry of an appropriate amended judgment thereafter.
The appeal from the order dated October 5, 2016, must be dismissed because the right of direct appeal therefrom terminated with entry of the judgment in Matter No. 2 (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In November 2007, Leon Behar (hereinafter Leon) and Gail Behar (hereinafter together the Behars) purchased residential real property in Scarsdale, which was located adjacent to the second hole of the golf course of Quaker Ridge Golf Club, Inc. (hereinafter the Club). The Club has operated an 18-hole golf course on its property since 1918, without any alteration to its design up until 2014. In June 2008, an 80-foot-tall oak tree situated on the boundary of the subject properties fell during a storm, bringing down with it several other large trees. As a result, a gap was created in the tree canopy that had formed a barrier against the incursion of golf balls struck from the second tee. Thereafter, golf balls began landing on the Behars' property, predominantly in their backyard, with significantly greater frequency.
In April 2010, the Behars commenced an action (Matter No. 2) against the Club for injunctive relief and to recover damages for private nuisance, trespass, and negligence, alleging that the Club failed to take the necessary and proper steps to prevent the incursion of golf balls onto their property. On a prior appeal, this Court, inter alia, reversed so much of an order of the Supreme Court entered July 10, 2012, as granted that branch of the Club's motion which was for summary judgment dismissing the complaint and denied those branches of the Behars' cross motion which were for a permanent injunction and for summary judgment on the issue of liability (see Behar v Quaker Ridge Golf Club, Inc., 118 AD3d 833, 834). This Court, inter alia, permanently enjoined the Club "from operating its golf course in a manner which constitutes a private nuisance and causes a trespass upon the [Behars' property]" (see Behar v Quaker Ridge Golf Club, Inc., 118 AD3d at 834) (hereinafter the June 2014 injunction). Following this Court's determination, the Club made various modifications to the second tee, including moving the tee box to align more parallel with the Behars' property, planting three large trees to the right of the tee box, and transplanting three 90-foot-tall trees adjacent to the Behars' property.
Thereafter, the Supreme Court held a nonjury trial on the issue of damages in Matter No. 2, at which the parties proffered the testimony of, among others: their respective expert witnesses; Marc Friedman and Robert Musich, who were the president and general manager of the Club (hereinafter together the respondents), respectively; and Leon. In a decision dated October 4, 2016, the Supreme Court rejected the Behars' contention that they were entitled to recover damages resulting from the Club's private nuisance and trespass for the entire period between June 2008, when the tree fell, and the June 2014 injunction. Rather, the court determined that the Behars were entitled to recover the principal sum of only $7,323.75, representing the Behars' loss of use and enjoyment of their property during the months of May, September, and October 2010, and the months of April, May, and June 2011. The court declined to award damages to the Behars for the remaining months and also determined that the Behars failed to demonstrate that they sustained a permanent injury to property that would warrant an award of damages for loss of market value. The court further found that the Behars were not entitled to an award of damages representing the costs incurred by them for undertaking certain purported measures to prevent the golf balls from landing on their property, including planting 20 trees measuring approximately 45 feet in height and installing a sprinkler system. A judgment dated November 21, 2016, was entered in favor of the Behars and against the Club in the principal sum of $7,323.75. The Behars appeal from the judgment.
Between May 2016 and August 2016, the Behars filed four separate motions in Matter No. 2 to hold the Club in contempt for violating the June 2014 injunction. By notice of petition dated June 21, 2016, the Behars commenced a separate proceeding (Matter No. 1) against the [*2]respondents, in which they sought to hold the respondents in contempt for violating the June 2014 injunction. By notices of motion dated July 22, 2016, and August 17, 2016, the Behars filed two subsequent motions in Matter No. 1 to hold the respondents in civil contempt for violating the June 2014 injunction. In an order dated October 5, 2016, the Supreme Court denied the four contempt motions against the Club in Matter No. 2. In an order and judgment dated October 7, 2016, the court denied the two contempt motions against the respondents in Matter No. 1 and dismissed the proceeding. The Behars appeal from the order and from the order and judgment.
In reviewing a determination made after a nonjury trial, this Court's power to review the evidence is as broad as that of the trial court, and this Court may render a judgment it finds warranted by the facts, taking into account that in a close case, the trial court had the advantage of seeing and hearing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; BNG Props., LLC v Sanborn, 153 AD3d 1221, 1222).
"[T]he measure of damages for loss of use is the decrease in the property's rental value during the pendency of the injury'" (Volunteer Fire Assn. of Tappan, Inc. v County of Rockland, 101 AD3d 853, 857, quoting Jenkins v Etlinger, 55 NY2d 35, 40). At the nonjury trial, each of the parties' respective expert witnesses testified that they calculated the Behars' loss of use damages based on: (1) the property's monthly rental value during the applicable time period absent the nuisance or trespass, multiplied by, (2) the percentage of the total property affected by the nuisance or trespass, which was then multiplied by, (3) the percentage of loss of use and enjoyment for the affected portion of the property.
The Supreme Court ultimately determined that the rental value of the Behars' property was $15,500 per month, and the Behars do not challenge that determination on appeal. In addition, the court credited the testimony of the Club's expert witness, who opined that 15% of the Behars' entire property was affected by the nuisance. Contrary to the Behars' contention, that conclusion was warranted by the facts (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d at 499). Further, the court's findings that there was an 80% loss of use and enjoyment for the affected area during peak golfing season, which is the months of April through June, and a 25% loss of use and enjoyment for the affected area during non-peak golfing season, which is the months of July through November, were also warranted by the facts (see id.).
Nevertheless, we disagree, to a certain extent, with the Supreme Court's determination that the Behars were only entitled to recover loss of use damages for the months of May, September, and October 2010, and for the months of April, May, and June 2011. Contrary to the Behars' contention, the court did not err in determining that they were not entitled to an award of damages for the period between August 19, 2008, and July 24, 2009, as their backyard was then unusable then due to their installation of a pool. Similarly, no damages were warranted for the period between June 2010 and August 2010, when, pursuant to a so-ordered stipulation entered into between the parties, the Club agreed to restrict use of the second hole to certain limited times of the day and the number of golf ball incursions onto the Behars' property during that time period diminished.
We disagree with the Supreme Court's determination, however, that the Behars were not entitled to recover damages for the months between August 2009, after the Behars' pool installation was complete, and the commencement of this action in April 2010, on the ground that the Club lacked notice of an ongoing issue that golf balls were landing on the Behars' property. The evidence adduced at trial established that in March 2001, the Club submitted a letter written by Bradley S. Klein, a "[g]olf writer and analyst," to the Planning Board for the Village of Scarsdale in opposition to the proposed residential development of the property abutting the second hole, wherein Klein noted that "the area to the right of the 2nd hole is regularly bombarded" with golf balls, that certain parcels are "well within the likely landing zone of tee shots," and that "[t]he existing trees will provide some crucial cover, but if these are removed . . . those engaged in backyard recreation are likely to be hit and their houses are, too." In addition, Musich testified at trial that, immediately after the storm in June 2008, he was aware that several trees on the boundary between the Behars' property and the golf course had come down. Musich also acknowledged that [*3]in either late 2008 or late 2009, he learned that Leon was complaining about golf balls landing on the Behars' property. In light of the foregoing, the court's determination that the Club was not on notice of the ongoing incursion of golf balls onto the Behars' property prior to the commencement of this action was not supported by the evidence adduced at trial.
Moreover, we disagree with the Supreme Court's determination that an award of damages for the period between June 29, 2011, and June 18, 2014, was not warranted because "the record reflects that no notices were given by the Behars to [the Club] regarding the claimed golf ball intrusions." Although, in around 2011, the Club had installed a 40-foot-tall net and planted 35-foot tall trees, and, that same year, the Behars planted 45-foot-tall trees, those measures did not prevent the incursion of golf balls onto the Behars' property, as reflected, in part, by evidence demonstrating that 204 golf balls landed on the Behars' property during the 2011 golfing season. Significantly, the Behars had already commenced this action against the Club in April 2010, thus putting the Club on notice of the causes of action alleging private nuisance, trespass, and negligence, and the Club did not make any modifications to the design of the second hole or transplant taller trees until after the issuance of the June 2014 injunction.
We reject the Behars' contention that the Supreme Court should have awarded them damages based on a diminution in the value of their property. "The measure of damages for a continuing trespass upon real property or permanent injury to property is the loss of market value, or the cost of restoration'" (Arcamone-Makinano v Britton Prop., Inc., 156 AD3d 669, 672, quoting Volunteer Fire Assn. of Tappan, Inc. v County of Rockland, 101 AD3d at 857; see Parry v Murphy, 79 AD3d 713, 716). Similarly, "[w]here the injury is permanent, the measure of damages for private nuisance is the diminution of the market value of the property" (Guzzardi v Perry's Boats, Inc., 92 AD2d 250, 254). We agree with the court's determination to reject the testimony of the Behars' expert witness that there was a 40% permanent diminution in the fair market value of the Behars' property as his opinion was based upon speculation (see generally Fusco v State Farm Fire & Cas. Co., 57 AD3d 939, 940-941; Hodge v Losquadro Fuel Corp., 29 AD3d 861, 862). Moreover, the evidence adduced at trial demonstrated that the Club made significant modifications to the second hole, which were effective in alleviating the incursion of golf balls onto the Behars' property. Thus, we agree with the court's determination to reject the Behars' contention that they suffered a permanent injury to their property.
Furthermore, we agree with the Supreme Court's determination declining to award the Behars damages to reimburse them for allegedly undertaking certain measures to prevent the incursion of golf balls onto their property inasmuch as the Behars failed to demonstrate that they were reasonably warranted, especially in light of the Club's installation of a 40-foot-tall net adjacent to their property (see Den Norske Ameriekalinje Actiesselskabet v Sun Print. & Publ. Assn., 226 NY 1, 8).
Finally, we agree with the Supreme Court's determination denying the Behars' motions to hold the Club and the respondents in civil contempt for violating the June 2014 injunction. A finding of contempt requires clear and convincing evidence (1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the order was disobeyed and the party disobeying the order had knowledge of its terms, and (3) that the movant was prejudiced by the offending conduct (see Judiciary Law § 753[A][3]; El-Dehdan v El-Dehdan, 26 NY3d 19, 29; Cover v Cover, 173 AD3d 970, 971). Here, the June 2014 injunction does not contain an unequivocal mandate requiring the elimination of all golf ball incursions onto the Behars' property, or for the Club to use a specific location for the tee box on the second hole. In deciding the contempt motions, the court took judicial notice of its findings at trial that any golf ball incursions in 2015 and 2016 were infrequent and fell short of constituting a private nuisance or trespass (see Nussbaum v Lacopo, 27 NY2d 311, 316). Consequently, the Behars failed to prove by clear and convincing evidence that the respondents and the Club should be held in civil contempt for violating the June 2014 injunction.
Accordingly, we reverse the judgment in Matter No. 2 and remit the matter to the Supreme Court, Westchester County, for a recalculation of loss of use damages, and the entry of an [*4]appropriate amended judgment thereafter. In particular, the Behars are entitled to an award of loss of use damages for the additional time periods of August 2009 through November 2009; the months of April 2010 and November 2010; July 2011 through November 2011; April 2012 through November 2012; April 2013 through November 2013; and April 2014 through the date of the June 2014 injunction, based on the same methodology used by the court in determining the award of damages for the months of May 2010, September 2010, October 2010, April 2011, May 2011, and June 2011.
LEVENTHAL, J.P., ROMAN, COHEN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court